UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61272-Civ-Marra/Matthewman

MARIELA LECCE,

    Plaintiff,

v.

CHOENG LI d/b/a ARGENTANGO
GRILL, a sole proprietor, and
CHOENG LI, an individual,

    Defendants.
_____/

FILED by ___ D.C.
FEB 07 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court upon Defendant, Choeng Li a/k/a Chi Choeng's Motion to Dismiss the Complaint against Chi Choeng Li and for Summary Judgment [DE 52], Defendant's Continuing Motion to Dismiss the Complaint and for Summary Judgment [DE 61], Plaintiff, Mariela Lecce's ("Plaintiff") Motion for Summary Judgment against Choeng Li d/b/a Argentango Grill and Choeng Li a/k/a Chi Choeng Li [DE 66], and Plaintiff's Motion for Entry of Final Default Judgment against Banana Monkey, Inc. [DE 67]. These matters were referred to the undersigned by United States District Judge Kenneth A. Marra on January 14, 2014. *See* DE 80. The matters are now ripe for review. For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Defendant's Motion to Dismiss the Complaint against Chi Choeng Li and for Summary Judgment [DE 52], **DENY** Defendant's Continuing Motion to Dismiss the Complaint and for Summary Judgment [DE 61], **DENY** Plaintiff's Motion for Summary Judgment against Choeng Li d/b/a Argentango Grill and Choeng Li a/k/a Chi Choeng Li [DE 66], and **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Final Default Judgment against

1

Banana Monkey, Inc. [DE 67].

## I. Background

Plaintiff initially filed suit on June 26, 2012, against Choeng Li d/b/a Argentango Grill and Choeng Li, individually. This is an action to recover monetary damages in the form of unpaid minimum wages under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.*, and under Article X, § 24 of the Florida Constitution. [Compl. ¶ 1, DE 1]. According to the Complaint, Plaintiff worked as a server at Argentango Grill from February 2010 until May 2012. *Id.* at ¶¶ 10-11. During that time period, Defendant Choeng Li was involved in the day-to-day operations of the restaurant, made decisions of significance regarding the restaurant, was directly involved in the decisions related to wages and hours of the servers, held a supervisory role, and attended meetings with servers at the restaurant. *Id.* at ¶¶ 12-16. Plaintiff alleges that Defendants paid her below the federal minimum wage and Florida minimum wage and that Defendants did not meet the eligibility requirements under the FLSA or Florida Constitution for taking a tip credit. *Id.* at ¶¶ 25-33, 39-48. Plaintiff is seeking all back wages due and owing, liquidated damages in an amount equal to her back wages, reasonable attorney's fees and costs, the amount improperly deducted from her tips, and post-judgment interest. [DE 1].

On July 11, 2012, Defendant Choeng Li filed a *pro se* Answer on behalf of both himself and Choeng Li d/b/a Argentango Grill. [DE 10]. As one of his affirmative defenses, Defendant Li stated that "Defendant Choeng Li dba Argentango Grill is an improper party as the restaurant in question located at 1822 Young Circle Hollywood, Florida 33023 is a Florida Corporation, Banana Monkey Inc. duly authorized an[d] in good standing in the State of Florida." *Id.* On October 4, 2012, Plaintiff filed her Motion to Amend Complaint to Add Banana Monkey, Inc. as a Defendant to Plaintiff's Complaint [DE 25]. The motion was granted on October 26, 2012. [DE 29].

Plaintiff filed the First Amended Complaint on October 28, 2013, in which she simply added Banana Monkey, Inc., as an additional defendant. [DE 31]. Defendant Li filed a Motion to Dismiss for the first time on May 9, 2013 [DE 52] after filing several Answers which were stricken by the Court. *See* DEs 33, 47.

## II. Motions

### A. Defendant's Motion to Dismiss and for Summary Judgment [DE 52] and Defendant's Continuing Motion to Dismiss the Complaint and for Summary Judgment [DE 61]

Defendant Li contends that Banana Monkey, Inc., a corporation, owned and operated the restaurant, Argentango Grill, while Plaintiff worked there as a server. [DE 52]. Therefore, he argues that the "corporate shield" should protect him from liability as Plaintiff is suing him for breach of contract. *Id.* Defendant Li also contends that "Plaintiff does not have subject matter jurisdiction over defendant Li as the owner and operator of Banana Monkey Inc. and its alleged alter ego Argentango Grill." *Id.* He specifically asserts that the Court should grant summary judgment in his favor "in accordance with the Florida State corporate shield doctrine and dismiss the lawsuit against defendant Chi Choeng Li's [sic] for his alleged violation of the FLSA and the Florida Constitution Article X." *Id.* Defendant Li attached an affidavit to his motion in which he declares that he formed the corporation Banana Monkey Inc. on March 9, 2009, and that the corporation remained in good standing until November 13, 2012. *Id.* He emphasizes that all business transactions were undertaken in Banana Monkey Inc.'s name, all credit card payments were paid to Banana Monkey Inc., all bills were paid from the Banana Monkey Inc. checking account, and the employees were paid from the Banana Monkey Inc. checking account. *Id.* Defendant Li attached to the motion a print-out regarding Banana Monkey, Inc., from the Florida Department of State Division of Corporations, the Electronic Articles of Incorporation for Banana

3

Monkey, Inc., and other pleadings already in the court docket. *Id.*

Plaintiff first argues in response that Defendant's Motion to Dismiss should be denied because Defendants filed two Answers, which were thereafter stricken, before filing the Motion to Dismiss and because Defendants set forth a factually and legally insufficient "corporate shield" jurisdictional claim under Rule 12(b)(1). [DE 57]. Plaintiff explains that she has asserted both enterprise coverage and individual employee coverage in her First Amended Complaint. *Id.* She contends that Defendant's motion is frivolous and is inconsistent with case law. *Id.* Plaintiff argues that neither Defendant Li, individually, nor Defendant Choeng Li d/b/a Argentango Grill are shielded from the jurisdiction of the Court. *Id.* According to Plaintiff, Defendant Li is not shielded from FLSA liability as he is an employer under the statute. *Id.* Moreover, the d/b/a is not shielded because Banana Monkey, Inc. is an "integrated enterprise with or related enterprise to Defendant Choeng Li d/b/a Argentango Grill." *Id.*

In her Motion Pursuant to Rule 56(d)[1] to Deny Defendant's Motion for Summary Judgment and Alternatively Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment [DE 58], Plaintiff asserts that the Motion for Summary Judgment should be dismissed without prejudice to re-file because she cannot make a substantive response to the motion without having taken the depositions of the two defendants. *Id.* The Court ultimately granted Plaintiff an extension to file her response. [DE 81].

Defendants Choeng Li d/b/a Argentango Grill and Choeng Li a/k/a Chi Choeng Li, an individual, filed a Response to Plaintiff's Motion for Enlargement of Time to Respond to Defendant's Motion for Summary Judgment and Continuing Motion to Dismiss the Complaint and

---

[1] The actual motion refers to Rule 56(f), not 56(d), but Plaintiff filed a Notice of Scrivener's Error in Pleadings [DE 59] correcting the mistake.

for Summary Judgment. [DE 60]. They assert that the real issue "is whether Chi Choeng Li is a proper defendant as an employer, owner or officer, of Banana Monkey Inc. when his ownership was protected by the corporate shield." *Id.* Defendants explain that there was only ever one business—Banana Monkey, Inc.—and that Argentango Grill was always a "trade name." *Id.* They assert that "[e]very indicia of ownership was the corporate entity." *Id.* Defendants then cite Florida statutes regarding formation of corporations and explain that any violation of the FLSA or the Florida Constitution was actually a "breach of contract by the corporation." *Id.* They claim that Plaintiff's argument that two separate entities ever existed is "patently false and illogical." *Id.* They also assert that Plaintiff has not made a sufficient argument that Defendant Li "personally had operational control of Banana Monkey Inc." *Id.*

On January 27, 2014, Plaintiff filed her response to Defendants' Motion for Summary Judgment. [DE 82].[2] In it, she emphasizes that Defendants do not seek summary judgment in favor of Defendant Li individually as an alleged manager/employee, but that they solely seek summary judgment in favor of Defendant Li d/b/a Argentango Grill. *Id.* Plaintiff argues that, while Defendants seek summary judgment "based on the purported 'sole ownership' of Argentango Grill by Banana Monkey, Inc., Defendant does not controvert the fact that Chi Choeng Li filed a document with the Secretary of State as owner of the restaurant Argentango Grill at the same time that Banana Monkey Inc. purchased assets of the former restaurant." *Id.* Plaintiff explains that she is not trying to pierce the corporate veil, as claimed by Defendants, but is rather relying on the theory under the FLSA of enterprise liability of two business entities. *Id.* She points out that Defendant Li previously opposed the addition of Banana Monkey, Inc., as a new defendant. *Id.* Plaintiff accuses Defendant Li of trying to "mislead the Court and to evade

---

[2] Defendants did not file a reply.

responsibility to Plaintiff as a potential creditor of the restaurant." *Id.* She contends that, as a matter of law, Defendant Li d/b/a Argentango Grill is liable to Plaintiff for unpaid wages under the FLSA and FMWA, Defendant was an employer of Plaintiff as defined in the FLSA, Plaintiff is entitled to minimum wages for all unpaid hours worked pursuant to the statutes, and she is entitled to liquidated damages. *Id.*

Plaintiff has attached her affidavit to the response. [DE 82-2, Lecce Aff.]. First, she explains that Defendants Monkey Banana, Inc., and Choeng Li d/b/a Argentango Grill "owned and operated the restaurant known as Argentango Grill. . . and were my employers from February, 2010 to May 9, 2012." *Id.* at ¶ 5. She states that Defendant Li was involved in day-to-day operations at the restaurant, made all decisions of significance, supervised Plaintiff, made decisions regarding Plaintiff's hours and pay, sent the wage records to his accountant each week, attended meetings with servers and other employees, and fired Plaintiff. *Id.* at ¶¶ 5-8. Plaintiff explains that Defendants paid her no wages for the hours she worked, but rather she only earned tips from customers. *Id.* at ¶¶ 11, 13. Plaintiff asserts that she was never informed of the "tip credit" requirement and that she was forced to give a particular portion of her tips directly to Defendant Li. *Id.* at ¶¶ 13-14. She claims that she worked 3,763 hours as a food server, never received any direct wages, and is owed $27,445.21 in unpaid minimum wages. *Id.* at ¶ 16. Plaintiff concedes that she did, at some time, voluntarily pool tips with other servers, but says that she was still required to pay 3-5% of gross receipts directly to Defendant Li. *Id.* at ¶ 17. Finally, Plaintiff states that Defendant Li held himself out as the owner of Argentango Grill, registered himself as the owner with the Florida Secretary of State, and transferred all assets of the restaurant to himself after Banana Monkey, Inc., was dissolved. *Id.* at ¶¶ 18-20.

Standard of Review

It is unclear from Defendant Li's Motions to Dismiss under which section of Federal Rule of Civil Procedure 12 he is traveling. While he mentions Rule 12(b)(6), he also refers to a lack of subject matter jurisdiction while seemingly arguing a lack of personal jurisdiction. Under Federal Rule of Civil Procedure 12(b)(1), a party may assert lack of subject matter jurisdiction as a defense, under Rule 12(b)(2) a party may assert lack of personal jurisdiction as a defense, and under Rule 12(b)(6), a party may assert failure to state a claim upon which relief can be granted. Under the Rule, the defendant must assert these defenses "before pleading if a responsive pleading is allowed."

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of demonstrating to the court by reference to the record that there are no genuine issues of material fact that need to be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the record demonstrates that the party bearing the burden of proof at trial will not be able to meet its burden. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its initial burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," identify specific facts showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some

7

metaphysical doubt as to the material facts." *Matsushita Electr. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences in the light most favorable to the party opposing the motion. *Witter v. Delta Air Lines, Inc.*, 138 F.3d 1366, 1369 (11th Cir. 1998) (citations and quotations omitted).

## Discussion

Since Defendants' two Answers to the First Amended Complaint were stricken by the Court, the Court will not deem this Motion to Dismiss as improper. The Court has reviewed the First Amended Complaint in its entirety. With regard to personal jurisdiction, Defendant Li's argument is without merit. While the Eleventh Circuit Court of Appeals has held that the corporate shield doctrine established by the Florida Supreme Court precludes the exercise of jurisdiction under the Florida long-arm statute over corporate employees when their only conduct in Florida was in furtherance of the corporation's interests, such case law is inapplicable in this case. *See Lane v. XYZ Venture Partners, LLC*, 322 Fed.Appx. 675, 678-679 (11th Cir. 2009). It is uncontested that Defendant Li resides in and works in Florida, so the long-arm statute is irrelevant.

Next, Defendant Li seemingly argues that there is a lack of subject matter jurisdiction in this case. Under Rule 12(b)(1), a defendant may either facially or factually contest subject matter jurisdiction. *Principal Life Ins. Co. v. Alvarez,* No. 11-21956-CIV, 2011 WL 4102327, at *2 (S.D. Fla. Sept.14, 2011). "A facial attack asserts that a plaintiff has failed to allege a basis for subject matter jurisdiction in the complaint," and "the plaintiff's allegations are taken as true for the purposes of the motion[.]" *Id.* A factual attack, on the other hand, "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings

8

such as testimony and affidavits, are considered." *Id.* (citation omitted). In this case, Defendant's challenge appears to be factual in nature.

Federal courts are courts of limited jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). In the case at hand, however, so long as Plaintiff has properly alleged a cause of action under the FLSA in her First Amended Complaint, the Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §§ 1331 and 1337(a). Additionally, the Court would have supplemental jurisdiction as to Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

In order to establish subject matter jurisdiction under the FLSA, the plaintiff must demonstrate that either enterprise or individual coverage applies to the case. *Cortina v. F.A.D. Detective & Security Servs.*, No. 11-20732-CIV, 2011 WL 6025638, at *2 (S.D. Fla. Dec. 1, 2011) (citing *Dent v. Giaimo*, 606 F.Supp.2d 1357, 1359 (S.D. Fla. 2009) and 29 U.S.C. § 207(a)(1)). "[E]nterprise coverage occurs where an employer has two or more employees engaged in commerce or the production of goods for commerce, while individual coverage exists where the employee himself is engaged in commerce or the production of goods for commerce." *Id.* More specifically, under the statute, an enterprise is engaged in commerce or in the production of goods for commerce if it (1) "has employees engaged in commerce or in the production of goods for commerce, or [that] has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. §203(s)(1)(A). Under the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. §203(d). The Eleventh Circuit has imposed an "economic

9

reality test" to determine if an individual is an "employer" of the "employee" under the FLSA. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997). The factors to be considered by the Court are whether the alleged employer: "(1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id.*

As explained below, on the face of the Complaint, Plaintiff has alleged both enterprise and individual employee coverage. She has also alleged that Defendant Li is an employer under the FLSA and is therefore liable in his individual capacity. First, she alleges that the Court has federal question jurisdiction as this is a FLSA claim. [DE 31 at ¶ 2]. She alleges as to each Argentango Grill and Banana Monkey, Inc., that they were enterprises engaged in interstate commerce and fall within §3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). *Id.* at ¶¶ 3-4. Plaintiff alleges that Argentango Grill and Banana Monkey, Inc., were a "unified, integrated enterprise engaged in commerce or in the production of goods for commerce," operated out of the same business address, and held themselves out to the public as a restaurant. *Id.* at ¶ 4. She also alleges that both Argentango Grill and Banana Monkey, Inc., have an annual gross volume of sales or business of not less than $500,000. *Id.* at ¶¶ 6-8. Plaintiff explains that Defendants "were and continue to be 'employer[s]' within the meaning of the FLSA." *Id.* at ¶ 25. Plaintiff also classifies Defendant Li as an "owner and operator of Argentango Grill and Banana Monkey, Inc." *Id.* at ¶ 13. She alleges that he was involved in the day-to-day operations of both Argentango Grill and Banana Monkey, Inc., made decisions of significance regarding operations of both, was directly involved in the decisions related to servers' wages at the restaurant, held a supervisory role at the restaurant, and attended employee meetings. *Id.* at ¶¶ 17-23.

Plaintiff has sufficiently alleged subject matter jurisdiction under the FLSA. She has

alleged that Argentango Grill and Banana Monkey, Inc., are a single enterprise, and that Defendant Li is a proper individual defendant under the FLSA. Defendant Li has unsuccessfully challenged the existence of subject matter jurisdiction in fact, irrespective of the pleadings. Based on the foregoing, Defendant Li's motion to dismiss as to lack of subject jurisdiction must be denied.

Finally, to the extent that Defendant Li moves to dismiss based on Plaintiff's failure to state a claim, that argument fails as well. In determining a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pled allegations as true, and the Court is limited to the pleadings and exhibits. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In order for a plaintiff to establish a prima facie case for failure to pay minimum wages under FLSA, the plaintiff must show: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc.*, 841 F.Supp.2d 1274, 1277 (S.D. Fla. 2012) (citing *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *2 (S.D. Fla. Oct. 14, 2010)). As explained above, Plaintiff has properly pled the first two requirements. Additionally, Plaintiff alleges that her employment with Defendants "was to consist of a normal workweek for which she was to be compensated at or above the FLSA minimum wage." [DE 31 at ¶ 29]. Plaintiff has clearly met her burden, and Defendant Li's motion to dismiss should be denied.

Next, the Court must consider if Defendant's Motion for Summary Judgment has any merit. In Defendant Li's Continuing Motion to Dismiss the Complaint and for Summary Judgment [DEs 60, 61], he states that "[t]he issue of operational control by Defendant is certainly

11

another issue which should be the basis of any trial." Thus, Plaintiff is correct in that Defendant Li appears to solely be arguing for summary judgment in favor of Defendant Li d/b/a Argentango Grill and not in favor of Defendant Li, individually. According to the documentation in the Court record, Banana Monkey, Inc., came into effect on March 9, 2009, and was voluntarily dissolved on November 13, 2012. [DE 52, Ex. C]. Defendant Li was its president and registered agent. *Id.* According to the "Contract of Sale" provided by Defendant Li, on October 14, 2009, "Banana Monkey Inc. dba Argentango" purchased from "Argentinian Grill LLC" all assets, including its lease, sublease, and the use of the name "Argentango." [DE 62, Ex. B]. On November 13, 2012, Defendant Li purchased all right, title, and interest in Banana Monkey, Inc., for $10. [DE 57-1]. Defendant Li was listed as the only shareholder, director, and officer of Banana Monkey, Inc. *Id.* This Motion for Summary Judgment was filed after the sale from Banana Monkey, Inc., to Defendant Li.

According to Defendant Li's affidavit, all business transactions of the restaurant were undertaken in Banana Monkey, Inc.'s name, the credit card payments were paid to Banana Monkey, Inc., all bills were paid from Banana Monkey, Inc.'s checking account, Banana Monkey, Inc., owned and operated Argentango Grill, employees were paid from the Banana Monkey, Inc., checking account, and federal and state taxes were paid by Banana Monkey, Inc. [DE 62]. In Plaintiff's affidavit, she attests that Defendant Li is the registered owner of the fictitious name Argentango Grill with the Florida Secretary of State. [DE 82-2]. Plaintiff states in her response to the Motion for Summary Judgment that "Banana Monkey, Inc. has never made a filing with the Florida Secretary of State as the owner entity of the restaurant named 'Argentango Grill.'" [DE

12

82].[3] She also contends that the "Contract of Sale" from October 14, 2009, attached to Defendant's affidavit in support of his motion is not signed or notarized and has no legal effect. *Id.* Plaintiff points out that, on October 6, 2009, just days prior to the "Contract of Sale," Defendant Li submitted a filing to the Florida Secretary of State claiming to be the owner of the restaurant Argentango Grill. *Id.*

Given the complexity of the facts surrounding the ownership of the restaurant, summary judgment in favor of Defendant Li d/b/a Argentango Grill is improper. Viewing the evidence and all reasonable factual inferences in the light most favorable to Plaintiff, it appears that there is still a genuine issue of material fact as to whether Defendant Li d/b/a Argentango Grill was the owner of the restaurant where Plaintiff worked during her period of employment. For example, Argentinian Grill LLC d/b/a Argentango purportedly signed a "Contract of Sale" selling its assets and use of the name "Argentango" to Banana Monkey, Inc., in October 2009. Yet, Defendant Li was listed as the owner of Argentango Grill in the fictitious names database of the Florida Secretary of State. Defendant Li's Motion for Summary Judgment must be denied due to the remaining genuine issues of material fact.

B. <u>Plaintiff's Motion for Summary Judgment against Choeng Li d/b/a Argentango Grill and Choeng Li a/k/a Chi Choeng Li [DE 66]</u>

In her Motion for Summary Judgment, Plaintiff argues that Defendants are liable to her for unpaid wages under the FLSA and FMWA because Plaintiff worked at the restaurant without being compensated minimum wage. [DE 66]. Plaintiff contends that Defendants were her

---

[3] In its Order granting Plaintiff leave to amend her complaint, the Court also noted that "Banana Monkey, Inc. is a registered Florida corporation, but it is not registered with the Florida Secretary of State as doing business as Argentango Grill." [DE 29].

employers as defined in the FLSA and that both individual and enterprise coverage apply. *Id.* She explains that "Plaintiff was an employee of the restaurant Argentango Grill owned by Banana Monkey, Inc. and Choeng Li d/b/a Argentango Grill and that Choeng Li was her employing supervisor." *Id.* Next, Plaintiff argues that Defendants cannot satisfy the three requirements necessary to establish "tip credit" eligibility under the FLSA and Florida Constitution. *Id.* She states that she was not paid any direct wages whatsoever, that she was required to pay a fixed percentage of gross cash and credit sales to Defendants, and that Defendants have not produced any records whatsoever of the days or hours that Plaintiff worked or any proof of direct payment of wages to her. *Id.* As Plaintiff has attested that she worked 3,763 hours at the restaurant, she is claiming $27,445.21 in unpaid minimum wages. *Id.* She is also claiming $27,445.21 in liquidated damages, which are statutorily mandated absent a showing by Defendants that the act or omission giving rise to their actions was in good faith and that Defendants had reasonable grounds to believe that their acts or omissions were not in violation of the FLSA. *Id.* Plaintiff is also seeking attorney's fees and costs. *Id.*

In her affidavit, Plaintiff states that she was employed by Defendants from February 20, 2010 until May 19, 2012 as an hourly paid, tipped employee. [DE 66-3, Lecce Aff. ¶¶ 9, 13]. She explains that Defendants paid her no wages for the hours she worked, and she only earned tips from customers. *Id.* at ¶¶ 11, 13. Plaintiff asserts that she was then required by the restaurant's management to share a portion of her tips with Defendant Li. *Id.* at ¶ 14. Plaintiff also explains that Defendant Li had a supervisory role at the restaurant and was involved in day-to-day operations and decisions. *Id.* at ¶¶ 5-7.

Also attached to the Motion for Summary Judgment are Defendants' responses to interrogatories. [DE 66-1]. Defendant Li did not provide any information about the specific

hours worked by Plaintiff and said that the hours worked were "unknown." *Id.* He stated that the restaurant employees were paid $15, plus tips, per 3-4 hour shift. *Id.* Defendant Li further stated that "[e]ach server usually keep their shift tips. Sometimes servers decide to pool the tips. That decision is made by the servers and manager. There are no breaks. There are no daily reports." *Id.* Plaintiff attached her own interrogatory responses to the Motion for Summary Judgment as well. [DE 66-2]. She also attached the "Memorandum of Agreement of the Transfer and Sale [sic] All Right Title and Interest in Banana Monkey Inc. to Chi Choeng Li," which establishes that the corporation was sold to Chi Choeng Li on November 13, 2012. [DE 66-4].

In Defendants' *pro se* Response, they include a "Statement of Disputed Facts," in which they deny several of Plaintiff's averments. [DE 68]. For example, Defendants deny that Plaintiff was only called as needed and state that Plaintiff did not work a normal workweek. *Id.* Defendants disagree with Plaintiff's statement that she was an hourly tipped employee because Plaintiff was paid "shift pay for hours and then a tip pool on top of the shift pay. Plaintiff was also paid at the end of every 2 weeks for any short fall [sic] in meeting her required payment of $7.25 per hour." *Id.* Defendants claim that Plaintiff was notified of the "tip pool" and that Defendant Li never took any money for himself from said "tip pool." *Id.* They also explain that a "tip pool" is permitted by 29 U.S.C. section (m) and C.F.R. Section 531.54. *Id.* Defendants dispute Plaintiff's statement that Defendant Li was directly involved with decisions involving hours worked and employees' compensation. *Id.* He disputes the number of hours that Plaintiff claims she worked. *Id.* Defendants assert that Plaintiff has no tax returns or checking statements to support her claims and "uses self serving [sic], made up charts to support her allegations. It must be remembered that she knew so little about the restaurant after 2 years of alleged employment that

she didn't know it's [sic] name but can now claims [sic] she knew what management was thinking and doing." *Id.* Defendants also explain that Plaintiff was required to be paid "off the books" because she "had no documents." *Id.* They argue that Plaintiff has not established that Defendants did not pay her minimum wage and they assert that Defendant Li was not Plaintiff's employer as defined by the FLSA. *Id.* Defendant Li specifies that he was so busy managing and running Mexchino, a nearby restaurant, that he could not oversee the daily operations at Argentango Grill. *Id.*

Defendants attached to their Response the Florida Department of State Division of Corporations record for Mexchino Inc. and the business lease for Mexchino. [DE 66]. They also attached the affidavit of Valeria Aguila, Plaintiff's manager, to disprove Plaintiff's claimed hours worked. *Id.* Additionally, Defendant Li filed his own affidavit supporting his averments. *Id.* He explains that the restaurant manager advised him that Plaintiff had asked to be "paid cash and off the books because she did not have papers." Li Aff. at ¶¶ 4-6. Defendant Li states that Plaintiff's two managers set her work schedule and notified him of Plaintiff's hours. *Id.* at ¶ 9. Then, every two weeks, "if there was a short fall [sic] of minimum wage [Li] would give [his] manager the difference, in cash, to give the Plaintiff." *Id.* According to Defendant Li, Plaintiff was told she was a part of the "tip pool" when she was hired and that such participation was mandatory for all servers and bussers. *Id.* at ¶ 11. He denies ever taking any of Plaintiff's tips. *Id.* at ¶ 14. Defendant Li explains that Plaintiff is fabricating the hours and shift times that she worked at the restaurant as they contradict the actual shifts that even existed at the restaurant. *Id.* at ¶¶ 16-21. He avers that he was the cook and manager at Mexchino, a restaurant three doors down from Banana Monkey, Inc., so he rarely came to employee meetings at Argentango Grill and did not have time to directly supervise his managers. *Id.* at ¶¶ 25-26.

Plaintiff next filed a Reply in support of the Motion for Summary Judgment. [DE 69]. She first argues that Defendants failed to comply with Local Rule 56.1, which requires the nonmoving party to submit a statement of material facts demonstrating that there exists a genuine issue to be tried. *Id.* She also contends that the Local Rule requires that the statement of material facts must specifically refer to record evidence. *Id.* Plaintiff maintains that, because Defendants did not dispute some of the facts, those facts should be deemed admitted. *Id.* She contends that Defendants have not offered specific evidence in support of several of their arguments, such as their contention that they did pay an hourly wage to Plaintiff. *Id.*

In Defendants' Sur-response, they emphasize that Plaintiff's Motion for Summary Judgment is unsupported by evidence. [DE 70]. They point out that Plaintiff has refused to provide a bank account statement showing deposits she has made. *Id.* Defendants assert that "Plaintiff has brought no evidence except the bald and unsupported claims that have been denied by both Defendants in Li's responses to interrogatories, his affidavit and the non published [sic] depositions of he [sic] and his manager, Valeria Aguila." *Id.* They reiterate that "[n]ot one document has been produced by Plaintiff to support her motion except her pages of hours and days that are not evidence and are specifically disputed by both Li and Aguila in their affidavits." *Id.*

Finally, in Plaintiff's Response to Defendants' Sur-response, she argues that Defendants keep referring to evidence, such as time sheets and documents regarding payment of minimum wages to Plaintiff during her employment, that they will produce at trial rather than evidence in the record. [DE 71]. Plaintiff argues that "if such records do exist Defendants do not give any reason why they have not been made a part of the record at this time." *Id.* Moreover, Plaintiff contends that "Defendants are liable to Plaintiff for minimum wage violations even before the question of the validity of the tip pool is questioned" and points out that Defendants "do not

17

dispute that Plaintiff was required to share a portion of her tips with management and do not offer any documents to substantiate that such portions were disbursed by management in compliance with the FLSA." *Id.* Plaintiff also requests that the Court not consider Defendants' improperly filed Sur-response. *Id.*

## Standard of Review

As a starting point, the Supreme Court has established that a court should afford a *pro se* litigant wide leeway in pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Stewart v. U.S.*, 646 F. 3d 856, 857 n. 1 (11th Cir. 2011). One of Plaintiff's arguments is that Defendants failed to comply with Southern District of Florida Local Rule 56.1, which requires a response in opposition to a motion for summary judgment to be accompanied by a statement of material facts that is supported by specific references to the record evidence. Because Defendants did very clearly lay out the facts in dispute in the case, the Court will not penalize Defendants for their failure to rigidly comply with Local Rule 56.1. Given that Defendants are *pro se*, the Court finds Plaintiff's argument in this regard to be hyper-technical. Additionally, the legal standards of summary judgment are addressed above.

## Discussion

In this case, Defendants successfully went beyond the pleadings and identified genuine issues of material fact. In other words, they met their burden in opposing summary judgment. Defendants filed the affidavits of Defendant Li and one of Plaintiff's managers. Since the averments in the affidavits contradict those in Plaintiff's own affidavit, Defendants have met their burden. Some of the most basic facts in this case are at issue. For example, neither party has actual documentation to prove how many hours Plaintiff actually worked, and Defendants argue that the hours claimed by Plaintiff in her unofficial chart of hours worked are impossible given the

timing of shifts at the restaurant. Additionally, the parties have provided differing explanations of how the "tip pool" worked and whether Plaintiff was paid minimum wage. Taking the evidence and factual inferences in the light most favorable to Defendants, Plaintiff's Motion for Summary Judgment should not be granted as there clearly are disputed issues of material fact.

C. Plaintiff's Motion for Entry of Final Default Judgment against Banana Monkey, Inc. [DE 67]

Plaintiff argues that this motion should be ruled on "at the conclusion of the case on the merits against the other two Defendants." [DE 67]. Plaintiff contends that "the FLSA claim asserted against Defendant Banana Monkey, Inc. is based on allegations regarding the other individual Defendants' actions," that "decisions of significance regarding the restaurant and Banana Monkey, Inc., operations went through Defendant Li, and that "the defenses of the individual Defendants will be 'closely related' to the defenses of corporate Defendant Banana Monkey, Inc." *Id.* Therefore, Plaintiff asserts in her own motion that a default judgment against Banana Monkey, Inc., would be "inconsistent if the individual Defendants defeat the claims against them in this action." *Id.* As the Court is recommending denial of Plaintiff's Motion for Summary Judgment, by Plaintiff's own logic, the Court must recommend that the Motion for Default Judgment be denied without prejudice as it is premature.

### III. Recommendation to the District Court

For the reasons enunciated above, this Court respectfully RECOMMENDS that the District Court **DENY** Defendant's Motion to Dismiss the Complaint Against Chi Choeng Li and for Summary Judgment [DE 52], **DENY** Defendant's Continuing Motion to Dismiss the Complaint and for Summary Judgment [DE 61], **DENY** Plaintiff's Motion for Summary Judgment against Choeng Li d/b/a Argentango Grill and Choeng Li a/k/a Chi Choeng Li [DE 66], and **DENY WITHOUT PREJUDICE** Plaintiff's Motion for Entry of Final Default Judgment against

Banana Monkey, Inc. [DE 67].

## NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of February, 2014.

WILLIAM MATTHEWMAN
United States Magistrate Judge