UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61272-CIV-MARRA/MATTHEWMAN

MARIELA LECCE,

    Plaintiff,
vs.

CHEONG LI d/b/a ARGENTANGO
GRILL, a sole proprietor, BANANA
MONKEY, INC., a Florida corporation,
and CHEONG LI, a/k/a CHI CHEONG
LI, an individual,

    Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS MATTER** was tried before the Court. Based upon Plaintiff's, and individual Defendant Cheong Li's ("Defendant") testimony at the bench trial, and otherwise being duly advised in the premises, the Court issues these findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Plaintiff filed a lawsuit seeking unpaid minimum wages, liquidated damages, and attorney's fees and costs against two Defendants, Cheong Li d/b/a Argentango Grill and Cheong Li. (DE 1). Defendants filed an Answer *pro se*. (DE 10). Plaintiff sought, (DE 25), and obtained an Order, (DE 29), adding Banana Monkey, Inc. as an additional Defendant.

A First Amended Complaint, (DE 31), was filed against the three Defendants. All three Defendants filed an Answer, (DE 33), *pro se*. Plaintiff filed a Motion to

Strike Banana Monkey's *pro se* Answer. (DE 36).  An Order (DE 48) was entered striking Banana Monkey's *pro se* response, stating in pertinent part,

> Defendant Chi Cheong Li's Motion to Permit Chi Cheong Li, Assignee of all Right Title and Interests of a Dissolved Florida Corporation Banana Monkey Inc. to Respond and Answer Plaintiff's Amended Complaint pursuant to 28 U.S.C. 1654 and Federal Rules of Civil Procedure 25(c)) [DE 34] is denied.                    ...
>
> Defendant Banana Monkey Inc. shall retain an attorney to represent it and shall file an answer to Plaintiff's First Amended Complaint on or before April 26, 2013.

DE 48 at 3.

Banana Monkey, Inc. failed to comply with the aforesaid Order.  On May 2, 2013, the Clerk for the United States District Court for the Southern District of Florida entered a default against the Defendant Banana Monkey, Inc. for failure to appear or otherwise defend. (DE 50).

In their Answer to the First Amended Complaint, Defendants Cheong Li d/b/a Argentango Grill and Cheong Li, did not allege any affirmative defenses.  In their responses to Interrogatories, Defendants stated that the restaurant Argentango Grill grossed $650,000 in 2010, $650,000 in 2011 and $350,000 in 9 months of 2012. (Exhibit A, Defendants Resp. to Interrogatories, ¶ 23).

Plaintiff was employed in a position as a food and beverage server with Defendants from about February 20, 2010 until about May 19, 2012.  Plaintiff was an hourly paid, "tipped" employee.  Plaintiff testified that she worked on average 40 hours per week for which she was to be compensated at or above the FLSA minimum

wage.

Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that she is an employee engaged in commerce or employed by an enterprise engaged in commerce; 3) that Defendant failed to pay the minimum wage required by the FLSA; and 4) that she is owed the amount claimed by a just and reasonable inference.  See 29 U.S.C. § 206(a); *Griffin v. Phil's Auto Body*, No. 09-81406, 2010 WL 5393491, at 3 (S.D. Fla. Dec. 21, 2010).

Defendants were owners and operators of the restaurant, Argentango Grill in Hollywood, Florida, that regularly transacted business within Broward County, Florida.  Defendants at all times during Plaintiff's employment, were employers as defined by 29 U.S.C. § 203(d).  At all times relevant, Defendant Li operated Argentango Grill, where Plaintiff was employed.  Defendant Li acted directly or indirectly in the interest of Argentango Grill in relation to Plaintiff as employee, and thus, Li was an employer within the meaning of section 3(d) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d).  Plaintiff Mariela Lecce was an employee of Argentango Grill at all relevant times.

Throughout Plaintiff's employment with Defendants, Argentango Grill was an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. §203(r) and (s) of the FLSA.  At all times material, Plaintiff regularly was engaged in commerce or the production of goods for commerce.

Count I and Count II of the First Amended Complaint alleges that Defendants failed to pay minimum wages to Plaintiff. [DE 31]. The FLSA requires that employers pay employees a minimum hourly wage. 29 U.S.C. § 206(a)(1); Fla. Const. Art. X § 24. The FLSA provides an exception to the minimum wage requirement for employees who receive tips. The law permits employers to pay employees who receive tips less than the statutorily prescribed minimum wage, (*i.e.*, take a "tip credit"),[1] if the employer satisfies certain requirements. *See* 29 U.S.C. § 203(m); Fla. Const. Art. X, § 24(c); *Ash v. Sambodromo, LLC,* 676 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009).

There are three requirements an employer must prove to be eligible to take a tip credit: (1) the employer must notify the employee it intends to take a tip credit; (2) "all tips received by such employee [must be] retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips" and (3) the employee must receive at least the minimum wage when the direct wage and tips are combined. FLSA, 29 U.S.C.A. §§ 203(m), (t), § 206.

The employer has the burden of proving it complied with the FLSA's tip credit minimum wage requirements. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 467 (5th Cir. 1979); U.S. Department of Labor Field Operation Handbook,4 (DOL FOH)

---

[1] The difference between the amount an employee must be paid under the minimum wage law and the amount directly paid to a tipped employee is commonly referred to as a "tip credit."

§30d00(b) (Rev.563) (1988) ("Section 3(m) of FLSA makes clear the intent of Congress to place on the employer the burden of proving the amount of tips received by "tipped employees," and the amount of tip credit, if any, which the employer may claim.  Since § 3(m) is not an exemption from the minimum wage, but merely allows the employer to claim up to 40 percent of the minimum wage as tip credit, the employer is responsible for ascertaining that the minimum wage provisions are complied with compensating 'tipped employees.'").  The requirements for taking a tip credit must be "strictly observe[d]" by the employer.  DOL FOH 30d01(b).  If an employer fails to meet its burden of showing the applicability of the tip credit, the employee is "entitled to the full minimum wage for every hour worked." *Barcellona*, 597 F.2d at 467.

      Plaintiff testified that she was not paid any direct wages whatsoever by Defendants.  Plaintiff further testified that she was required to pay either 3 or 5 percent of net cash and credit card sales (depending on the day of the week) to Defendant for the benefit of the bus boys and runners each evening she worked at the restaurant.  Defendant did not produce any records of the days or hours worked by Plaintiff or any documentary proof of direct payment of wages to her.  The Court rejects Defendant's testimony that he paid Plaintiff $15.00 per shift in addition to the tips she earned.  Thus, under the FLSA, Plaintiff is entitled to be compensated at the full minimum wage rate for all hours worked.  29 U.S.C. § 207(a).

      An employee who brings suit under the FLSA for unpaid minimum compensation

must show that "[s]he has in fact performed work for which [s]he was not properly compensated [by proffering] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Reeves v. Int'l Telephone and Telegraph Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980); *Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980). It then becomes the burden of the employer "to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference drawn by the employee's evidence."

If the employer fails to produce such evidence the court may award damages to the employee even though the tabulation is only an approximation. *Mt. Clemens Pottery Co., supra*. This is because it is the employer's duty by virtue of the provisions of § 211(c) of the FLSA to keep accurate records of its employees' regular time and overtime work. The delegation of this function to employees will not excuse the employer from any neglect or default. *Brumbelow v. Quality Mills Inc.*, 462 F.2d 1324, 1326 (5th Cir. 1972); *Wirtz v. Mississippi Publisher's Corp.*, 364 F.2d 603, 607 (5th Cir. 1966). "The recordkeeping requirements are the fundamental underpinnings of the Act." *Wirtz supra* at 364 F.2d at 607. To the extent the employer's records are inadequate, the employee should not be penalized because she is unable to prove the precise extent of uncompensated work. *Mt. Clemens Pottery Co., supra; Reeves v. Int'l Telephone and Telegraph Corp., supra; Marshall v. Manna's Fried Chicken, Inc.*, 590 F.2d 598 (5th Cir. 1979).

Plaintiff testified that she was employed by Defendant from or about February 20, 2010 until or about May 19, 2012. Plaintiff submitted for the Court's review her tax returns for 2010 and 2011. Her 2012 return was a joint return with her husband and Plaintiff was unable to segregate her income from that of her husband's.

In 2010, Plaintiff reported $9,912 in wages on her tax return. She started working on February 20th, seven weeks into the year. She also testified that she took one week vacation per year. This results in Plaintiff having worked 46 weeks for Defendants in 2010. The Court accepts Plaintiff's testimony that she worked an average of 40 hours per wee. Therefore, the total number of hours Plaintiff worked in 2010 was 1,840 (46 weeks x 40 hours per week). The minimum wage during the relevant period was $7.25 per hour. Plaintiff should have earned $13,340.00. She claimed wages of $9,912, which leaves a shortage of $3,428.00.

In 2011, Plaintiff reported $17,866 in income on her tax return. Having taken one week's vacation, she worked a total of 51 weeks in 2011. The total number of hours she worked in 2011, therefore, was 2,040 (51 weeks x 40 hours per week). The minimum wage was $7.25 through May 31, 2011 (21 weeks x 40 hours per week = 840 hours x $7.25 = $6,090), and then was raised to $7.31 through to December 31, 2011 (30 weeks x 40 hours per week = 1,200 hours x $7.31 = $8,772). For 2011, Plaintiff should have earned $14,862 ($6,090 + $8,772 = $14,862). She reported wages of $17,866, thereby earning in tips more than the required minimum wage. As a result, Defendants do not owe Plaintiff anything for 2011.

As reiterated above, an employee who brings suit under the FLSA for unpaid minimum compensation must show that "[s]he has in fact performed work for which [s]he was not properly compensated [by proffering] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Reeves v. Int'l Telephone and Telegraph Corp.*, 616 F.2d 1342, 1351 (5th Cir. 1980); *Marshall v. Partida*, 613 F.2d 1360, 1363 (5th Cir. 1980).  Plaintiff failed to present any evidence of the amount of income she earned in 2012.  Thus, it is not possible for the Court to determine if she was not properly compensated in 2012.  Therefore, Plaintiff will receive nothing on her claim for minimum wages during 2012.

Plaintiff also seeks liquidated damages in an equal amount to the unpaid minimum wages and damages she sustained.  Under the FLSA, "[a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of... their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).  Liquidated damages under the FLSA are compensatory in nature. *Snapp v. Unlimited Concepts. Inc.*, 208 F.3d 928 (11th Cir. 2000).  Based on the express language of the statute, liquidated damages are mandatory absent an affirmative showing by Defendants that the act or omission giving rise to such action was in good faith and that Defendants had reasonable grounds for believing that their act or omission was not a violation of the Fair Labor Standards Act.  *See, Dybach v.*

*State of Fla. Dep't of Corrections*, 942 F.2d 1562 (11th Cir. 1991) (citing 29 C.F.R. §§ 790.13 *et seq.*); *Joiner v. City of Macon,* 814 F.2d 1537, 1539 (11th Cir. 1987).  Given that the Defendants have made no such showing here, liquidated damages are awardable here.  As a result of the foregoing, and the FLSA, Lecce is owed $3,428.00 in back wages, plus an additional, equal amount of $3,428.00 as liquidated damages, for a combined total of $6,856.00.

As the prevailing party in this FLSA action, Plaintiff is also entitled to reasonable attorney's fees and costs under 29 U.S.C. § 216(b).  To the extent that Plaintiff incurred attorney's fees, she is entitled to recover them, and the Court retains jurisdiction over the issue of attorney's fees and costs.  Plaintiff may file a separate motion for attorneys' fees and costs within 30 days of the entry of final judgment in this matter in accordance with S.D. Fla. L.R. 7.3.

**Final Conclusions**

Based upon the above findings of fact and conclusions of law, the Court finds as follows:

Plaintiff, Mariela Lecce, is entitled to judgment in her favor and against Defendants, Cheong Li d/b/a Argentango Grill, and Cheong Li a/k/a Chi Cheong Li. The Plaintiff is entitled to $6,856.00 for minimum wages and liquidated damages.

Final Judgment will be entered by separate order, in accordance with Fed. R. Civ. P. 58. Any pending motions are denied as moot. This case is CLOSED.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 30th day of October, 2014.

_____
KENNETH A. MARRA
United States District Judge